# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH IDEL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-01553** |
| **SECRETARY JAMES M. LEBLANC, WARDEN SANDY MCCAIN, KEITH BICKHAM, BEVERLY KELLY, JONATHAN TYNES, SERGEANT POPE, DR. CASEY MCVEA, AND OTHER AS YET UNKNOWN DEFENDANTS** | **SECTION "G"(4)** |

## REPORT AND RECOMMENDATION

Before the Court is a **Motion to Dismiss (Rec. Doc. No. 9)** filed by some of the defendants seeking dismissal of the plaintiff's claims under Fed. R. Civ. P. 12(b)(1) and (6) for lack of jurisdiction and failure to state a claim for which relief can be granted. The motion is opposed by the plaintiff. Rec. Doc. No. 17. The motion and the entire matter were referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)** and **§ 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

## I.     Factual and Procedural Background

The plaintiff, Kenneth Idel ("Idel"), is a convicted inmate who was incarcerated in the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana, at the time of the events forming the basis of his complaint.[1] Idel through counsel filed this complaint pursuant to 42 U.S.C. § 1983, and invoking supplemental jurisdiction over non-specific state law claims, against the

---

[1] Rec. Doc. Nos. 1 and 32.

following defendants: James M. LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections ("DOC"); Warden Sandy McCain, former Warden of RCC; Deputy Warden Keith Bickham; Assistant Deputy Warden Beverly Kelly; Sergeant Jonathan Tynes; Theresa Knight, RN, Director of Nursing; Sergeant Pope; and Dr. Casey McVea, Medical Director. The defendants each are named in their official and individual capacities, except for Tynes and Pope, who are named only in their individual capacity.

In his original complaint, filed by counsel on February 23, 2017, Idel alleged that on November 10, 2015, Sergeant Pope used excessive force against him during his attempts to end a fight between Idel and another inmate.[2] Idel claims that he subsequently was denied timely and adequate medical care by defendants McCain, Bickham, Kelly, and McVea for his fractured jaw. He also complains that McCain, Bickham, Kelly, and Knight denied him a prescribed soft or liquid diet during the course of the delay and eventual treatment. He alleges that the defendants LeBlanc, McCain, Bickham, Kelly, and Knight had grossly deficient policies and practices to care for inmates in need of emergency medical treatment and those suffering harm and in need of medical attention and prescribed diets. The instant Motion to Dismiss (Rec. Doc. No. 9) was filed by defendants on the afternoon of June 12, 2017.

In the evening of June 12, 2017, Idel filed a superseding[3] First Amended Complaint (Rec. Doc. Nos. 10, 32), naming as additional defendants, in their individual and official capacities, Dr. Raman Singh, Nurse Tamyra Young, asserting his claims against the named defendants to include

---

[2]Rec. Doc. Nos. 1 and 32.

[3]Idel did not adopt the prior complaint in his amended complaint and has in a subsequent pleading acknowledged that the First Amended Complaint filed June 12, 2017, was intended to and did supersede the original complaint. *See* Rec. Doc. No. 17.

specific facts regarding the incident on November 10, 2015, and other facts and grounds of intentional indifference in support of his § 1983 and state law claims of cruel and unusual punishment, inadequate medical care, and unconstitutional prison policies.[4] The defendants have since filed two Motions to Dismiss Idel's First Amended Complaint. R. Doc. No. 27, 33.

## II.  Defendants' Motion to Dismiss (Rec. Doc. No. 9)

Defendants LeBlanc, McCain, Bickham, Kelly, Tynes, Knight, and McVea filed a motion seeking dismissal of the plaintiffs original complaint on several grounds. The defendants assert under Fed. R. Civ. P. 12(b)(1) that the Court lacks subject matter jurisdiction to consider the claims for monetary damages brought against them in their official capacities, because the claims are barred by the doctrine of Eleventh Amendment immunity. The defendants also contend under Fed. R. Civ. P. 12(b)(6) that the claims against LeBlanc, McCain, Bickham, Kelly, Tynes, and Knight, each in their individual capacity, fail to state a claim for which relief can be granted because the complaint failed to state facts sufficient to show that these defendants violated a federal or state law and therefore are entitled to qualified immunity.

Idel opposed the motion asserting that he timely filed a First Amended Complaint as permitted by Fed. R. Civ. P. 15(a)(1)(A), which rendered moot the defendants' motion to dismiss.[5] Idel argues that pursuant to Rule 15(a)(1), the First Amended Complaint did not adopt or reference the original complaint and acts to supersede the original complaint, leaving it with no legal effect.

---

[4]Idel originally filed the First Amended Complaint on June 12, 2017 (Rec. Doc. No. 10) and later filed a correctly formatted image of the First Amended Complaint on October 17, 2017 (Rec. Doc. No. 32).

[5]Rec. Doc. No. 17.

## III. Standard of Review for Motions Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)

Under Fed. R. Civ. P. 12(b), the Court may dismiss a complaint *inter alia* if it lacks jurisdiction over the subject matter or fails to state a claim upon which any relief may be granted. *See* Fed. R. Civ. P. 12(b)(1), (6). The same standard is applied for a motion to dismiss brought under either Rule 12(b)(1) for lack of jurisdiction or under Rule 12(b)(6) for failure to state a claim for which relief can be granted. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept all well-pleaded facts as true, viewing the complaint in the light most favorable to the plaintiff. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

The Supreme Court, however, has declared that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Moreover, "'[f]actual allegations must be enough to raise a right to relief above the speculative level,'" and "[t]he plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Guidry*, 512 F.3d 177, 180 (5th Cir. 2007) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted).

In determining whether a complaint states a claim that is plausible on its face, the Court "draw[s] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, as stated above, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 570). In order for a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise "more than a sheer possibility" that the defendant has violated the law as alleged. *See Id*.

## IV. Defendants' Motion to Dismiss (Rec. Doc. No. 9) is Moot

Defendants LeBlanc, McCain, Bickham, Kelly, Tynes, Knight, and McVea filed this Motion to Dismiss (Rec. Doc. No. 9) asserting that the Court lacks of subject matter jurisdiction over them in their official capacities under Fed. R. Civ. P. 12(b)(1). They also allege that under Fed. R. Civ. P. 12(b)(6), the complaint fails to state a claim for which relief can be granted against LeBlanc, McCain, Bickham, Kelly, Tynes and Knight, in their individual capacities, entitling them to qualified immunity. Idel opposes the motion on the grounds that his First Amended Complaint was filed in accordance with Fed. R. Civ. P. 15(a)(1)(A) within 21 days of service of the original complaint and rendered the defendants' motion moot.[6]

The record reflects that Idel's counsel filed the original complaint on February 23, 2017. The returns of service on the moving defendants were returned executed on May 22, 2017.[7] On

---

[6]Rec. Doc. No. 17.

[7]Rec. Doc. No. 5.

June 12, 2017, at 3:39 p.m., defendants' counsel filed this Motion to Dismiss.[8] Idel's First Amended Complaint was filed by counsel that same day at 8:41 p.m.[9]

A party may amend its pleading once as a matter of course within 21 days after its pleading is served or 21 days after service of a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1)(A),(B). Idel's First Amended Complaint was permissibly filed on June 12, 2017, within 21 days of the service of his original complaint and within hours of the filing of the defendant's Rule 12(b) motion. *See Tatum v. Doctor's Associates, Inc.*, No. 14-2980, 2015 WL 13529954, at *1 (E.D. La. Feb. 27, 2015) (Lemelle, J.).

The filing of an amended complaint that does not adopt or reference the original complaint will supersede the prior complaint leaving it with no legal effect. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (amended complaint supersedes the original complaint and renders it of no legal effect "unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading"); *Cousin v. St. Tammany Parish Jail*, No. 14-1514, 2015 WL 5017113, at *1 (E.D. La. Aug. 19, 2015) (Lemelle, J.); *See also*, *In re R.E. Loans, LLC*, 553 F. App'x 453, 456 (5th Cir. 2014); *Gootee Const. Inc. v. Travelers Prop. Cas. Co. of Amer.*, No. 15-3185, 2016 WL 1545658, at *1 n.3 (E.D. La. Apr. 15, 2016) (Vance, J.); *Athletic Training Innov., LLC v. eTagz, Inc.*, No. 12-2540, 2013 WL 360570, at *3 (E.D. La. Jan. 30, 2013) (Brown, J.). In this case, Idel has not adopted or referenced his original complaint in his First Amended

---

[8] Rec. Doc. No. 9.

[9] Rec. Doc. No. 10 (image replaced at Rec. Doc. No. 32).

Complaint. In fact, in his opposition to defendants' motion to dismiss, Idel concedes this and urges that his First Amended Complaint "is now the controlling document…"[10]

In addition, the defendants' first Motion to Dismiss (Rec. Doc. No. 9) was directed to dismissal of Idel's original complaint. The First Amended Complaint, however, added two defendants, revised the initially pleaded causes of action, and added new ones. In response, the defendants have since filed two Motions to Dismiss directed to the First Amended Complaint as it was initially filed and as it later was corrected by Idel.[11] The defendants have presented their grounds for dismissal of the claims as presented in the most recent versions of Idel's complaint. The Court therefore finds that defendant's first motion to dismiss is moot. *See Melson v. Vista World Inc. and Assocs.*, No. 12-135, 2012 WL 6002680, at *12 (E.D. La. 2012) (Milazzo, J.) (explaining that, "[w]hen a new Rule 12(b)(6) motion is filed that specifically addresses an amended complaint, 'it surely makes sense to disregard the pending [motion].'") (quoting Steven Gensler, 1 *Federal Rules of Civil Procedure*, Rules and Commentary Rule 15).

## V.     Recommendation

It is therefore **RECOMMENDED** that the the **Motion to Dismiss (Rec. Doc. No. 9)** filed by the defendants, Secretary James M. LeBlanc, Warden Sandy McCain, Deputy Warden Keith Bickham, Assistant Deputy Warden Beverly Kelly, Sergeant Jonathan Tynes, Theresa Knight, RN, and Dr. Casey McVea be **DISMISSED AS MOOT** and without prejudice to the review of the defendants' other pending Motions to Dismiss (Rec. Doc. Nos. 27 and 33).

---

[10]Rec. Doc. No. 17, p. 2.

[11]Rec. Doc. No. 10, 27, 32, 33.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[12]

New Orleans, Louisiana, this 19th day of December, 2017.

 _____
 **KAREN WELLS ROBY**
 **CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[12]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.