**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

KENNETH IDEL                                   CIVIL ACTION

VERSUS                                         NO:    17-01553

JAMES M. LEBLANC, ET AL                        SECTION: "G" (4)

**ORDER & REASONS**

Before the Court is a **Motion to Compel Discovery Responses (R. Doc. #59)** filed by the

Plaintiff seeking verified and supplemented responses to Plaintiff's interrogatories. The motion is

opposed. R. Doc. 64. The motion was heard by oral arguments on February 6, 2019.

I.    <u>Background</u>

This civil rights action arose from events on November 10, 2015, whereby Plaintiff

Kenneth Idel, a former inmate of the Rayburn Correctional Center in the Louisiana Department of

corrections ("DOC"), alleges that Defendant Richard Pope, a former employee of the DOC, broke

plaintiff's jaw when defendant intentionally and unnecessarily kneed the back of plaintiff's head

into a concrete walkway. R. Doc. 57-1.

On September 21, 2018, plaintiff sent his first set of interrogatories to defendant. R. Doc.

59-2, p. 2. On October 23, 2018, defendant requested a 30-day extension to submit his responses

on November 21, 2018. *Id*. at p. 3. Plaintiff responded on that same day, granting the extension.

*Id*. at p. 4.

On December 18, 2018, defendant had not yet sent plaintiff his responses, and plaintiff

emailed defendant, requesting for the responses to be sent by the close of business. *Id*. at 59-3, p.

2. Defendant did not submit his responses on that day or respond to plaintiff's email. R. Doc. 64-

5, p. 1.

On December 19, 2019, plaintiff again emailed defendant, requesting for defendant's responses to be sent to plaintiff the next day by 10 A.M. *Id*. On December 20, 2018 defendant sent his responses. *Id*. at 64-6, p. 1. However, defendant's responses were only signed by defendant's attorney and included objections based on vagueness, overbreadth, prematurity, and burdensomeness. R. Doc. 59-4, p. 2-9.

Plaintiff emailed defendant again that same day, stating that the responses were unverified and insufficient, and that plaintiff would send a follow-up email detailing the problems with the responses. *Id*. at 59-5, p. 5. On January 4, 2018, plaintiff sent the follow-up email, providing responses to defendant's objections, claiming that defendant waived his objections when defendant provided untimely responses, and requesting verified, supplemental responses by January 8, 2019. *Id*. at 59-6, p. 2-3. Defendant did not respond.

Plaintiff now contends that defendant's objections are insufficient because they use boilerplate language, are conclusory, and are unverified. R. Doc. 59-1, p. 4. However, defendant contends that plaintiff's December 19, 2018 email, was an additional extension granted by plaintiff and that defendant's objections were timely. R. Doc. 64-2, p. 2. Defendant also argues, *inter alia*, that plaintiff did not engage in a good faith effort to resolve the dispute. *Id*. at p. 3-7.

## II.    Standard of Review

### A.  Rule 37 Motions to Compel Discovery

Federal Rule of Civil Procedure 37(a)(3)(B) permits parties to move for an order compelling discovery responses when the responding party fails to answer an interrogatory submitted under Rule 33. The moving party "must include a certification that the movant has, in good faith, conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id*. at 37(a)(1).

### B.  Interrogatories

Rule 33 permits parties to serve interrogatories on other parties that "relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). The responding party must provide answers to the interrogatories within 30 days after being served with the interrogatories. *Id*. at 33(b)(2). Each interrogatory must, to the extent it is not objected to, be "answered separately and fully in writing under oath." *Id*. at 33(b)(3). "The person who makes the answers must sign them, and the attorney who objects must sign any objections." *Id*. at 33(b)(5).

The grounds for objecting to an interrogatory must be stated with specificity. *Id*. at 33(b)(4). "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." *Id*. at 33(a)(2). Moreover, any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure. *Id*. at 33(b)(4).

### III.    Analysis

### A.  Rule 37(a) Conferral Requirement

Plaintiff attached several email chains of plaintiff's attempts to gain interrogatory responses from defendant. R. Docs. 59-2, 59-3, 59-5, and 59-6. Moreover, plaintiff's January 4, 2019 email advised defendant of plaintiff's attempt to confer without court intervention, and that if defendant did not provide supplemental responses by January 8, 2019, plaintiff would file the instant motion to compel. R. Doc. 59-6, p. 3. Plaintiff's motion was further accompanied by a certificate, stating that plaintiff has conferred and attempted to confer with opposing counsel in an attempt to obtain compliance without court intervention, *Id*. at 59, p. 1.

However, defendant argues that plaintiff has not attempted to confer in good faith. R. Doc. 64-2, p. 3. Specifically, defendant states that plaintiff sent one email with an attached letter and

then filed the instant motion approximately six days after sending the email. *Id.* at p. 4. Defendant further contends that plaintiff did not initiate or hold a telephone conference prior to filing his motion. *Id.*

Rule 37's duty to confer is analyzed on a case by case basis. *Greater New Orleans Fair Hous. Action Ctr., Inc. v. Dorian Apartments, LLC*, No. CV 15-6406, 2016 WL 6157534, at *2 (E.D. La. Oct. 24, 2016). Courts usually require some attempt at a live conference between the parties. *Herrera v. State Farm Lloyds*, No. 5:15-CV-151, 2015 WL 13678720, at *2 (S.D. Tex. Dec. 3, 2015). However, the plain language of Rule 37 does not mandate that the discovery conference take a particular form or that the certification be presented in a particular manner. *J.M. Smith Corp. v. Ciolino Pharmacy Wholesale Distributors, LLC*, No. CIV.A. 10-1483, 2012 WL 5289370, at *2 (E.D. La. Oct. 24, 2012); *S. Louisiana Ethanol, L.L.C. v. Fireman's Fund Ins. Co.*, No. CIV.A. 11-2715, 2013 WL 1196604, at *3 (E.D. La. Mar. 22, 2013); *Gautier v. Plains Bros. Pipeline, LP*, No. CIV.A. 12-1064, 2013 WL 1787559, at *3 (E.D. La. Apr. 25, 2013). Moreover, Rule 37 does not specify that the movant must be the party that institutes the conference. *J.M. Smith Corp.*, 2012 WL 5289370, at *2.

Courts in this jurisdiction have also held that technical compliance with Rule 37 can be overridden when the circumstances warrant. *S. Louisiana Ethanol, L.L.C.*, 2013 WL 1196604, at *3; *see Robinson v. LA Dock Company, LLC*, No. 99-1996, 2000 WL 1059860, at *2-*3 (E.D. La., Aug. 1, 2000) (Roby, M.J.) (finding that failure to hold an initial conference did not warrant dismissal of the motion where nonmovant objected to three specific interrogatories for which a blanket work-product privilege and other vague, boilerplate language had been asserted, and circumstances indicated that a Rule 37 conference would have been futile). Courts can consider the "contentious history" of the litigants, as well as whether "court intervention is necessary

regarding this discovery dispute to avoid any delay and to further the interests of justice." 2013 WL 1196604, at *3 (citing *In re Miller*, No. BR 10-25453-MER, 2012 WL 2953111, at *8 (Bankr. D. Colo. July 19, 2012) *aff'd in part sub nom. Miller v. Deutsche Bank Nat. Tr. Co.*, No. 12-CV-03279-PAB, 2013 WL 4776054 (D. Colo. Sept. 4, 2013), *aff'd sub nom. In re Miller*, 577 F. App'x 849 (10th Cir. 2014)). Such an approach has been used to "avoid any remote possibility of prejudice." *Id.* (quoting *Freydl v. Meringolo*, No. 09 CIV 07196 BSJ KNF, 2011 WL 134972, at *3 (S.D.N.Y. Jan. 7, 2011)).

Here, given plaintiff's numerous attempts to obtain discovery from defendant prior to filing the motion, and given defendant's objections to the interrogatories and defendant's failure to respond several times (especially between January 4, 2019 and the filing of plaintiff's motion), it appears that a Rule 37 conference would have been futile. Additionally, the Court notes that defendant also did not initiate or request a Rule 37 conference with plaintiff. Therefore, the Court finds that plaintiff's certificate and attempts to obtain discovery from defendant prior to filing this motion satisfy Rule 37's requirements. Moreover, "to avoid any delay and to further the interests of justice," the Court should rule on the motion.

### B. Timely Submission of Responses/Objections and Waiver

Plaintiff contends that defendant's responses were untimely because he filed them "nearly a month after the 30-day extension." R. Doc. 59-1, p. 3. Defendant argues that plaintiff's December 19, 2018, email gave defendant additional time to provide the responses, and defendant complied with plaintiff's request and provided the responses the following morning. R. Doc. 64-2, p. 2.

In determining whether good cause exists for an untimely objection, courts consider the circumstances of the delay to determine "whether it was inadvertent, defiant, or part of a larger calculated strategy of noncompliance." *Star Creek Ctr., LLC v. Seneca Ins. Co., Inc.*, No. 4:17-

CV-00607, 2018 WL 1934084, at *2 (E.D. Tex. Apr. 23, 2018) (quoting *RE/MAX Int'l, Inc. v. Trendsetter Realty, LLC*, No. CIV.A. H-07-2426, 2008 WL 2036816, at *5 (S.D. Tex. May 9, 2008).

Upon review, the Court is not persuaded by defendant's argument that plaintiff's December 19, 2018 email constituted an extension of time with the right to object. Plaintiff's email was sent in response to defendant's failure to provide responses by defendant's requested extension deadline of November 21, 2018. This suggests that plaintiff's email was an attempt to resolve the outstanding discovery issue without court intervention, rather than an additional extension of time with the right to object. Moreover, plaintiff's January 4, 2019 email, plaintiff specifically provided:

> "While I indicated that I did not object to a one-month continuance in this matter, at no point did I indicate that my client conceded to the Defendant his right to object to these interrogatories and requests for production despite your client's untimely response. As such, Plaintiff Idel now demands a full response to each interrogatory to which your client objected."

R. Doc. 59-6, p. 2. This also suggests that plaintiff's attempt to obtain the responses in December was an attempt to resolve the issue without court intervention.

Furthermore, defendant did not explain anywhere in his opposition why he failed to produce the responses by November 21, 2018, as he requested. Therefore, the Court does not find that good cause exists for defendant's untimely responses. As such, unless the Court finds that plaintiff's interrogatories do not comply with the scope of Rule 26, defendant's objections are waived according to Rule 33.

### C.  Interrogatories and Compliance with Rule 26

Before going into a discussion of each interrogatory, the Court notes that defendant provided a supplemental response to interrogatories 1, 2, 4, 5, 7, and 13. Moreover, as defendant

pointed out, regarding interrogatories 3, 6, 8, 9, 10, and 11, the only remaining issue is the lack of defendant Pope's verification. R. Doc. 64-2, p. 4.

Courts have construed the Rule 33 signing requirement rigidly. *Lackey v. SDT Waste & Debris Servs.*, No. CIV.A. 11-1087, 2013 WL 5772325, at *5 (E.D. La. Oct. 23, 2013). However, "'Rule 33 does not prescribe any particular form of Verification. Either a declaration pursuant to [28 U.S.C. §1746] or a statement under oath is sufficient.'" *Lackey*, 2013 WL 5772325, at *5 (quoting *Zanowic v. Reno*, 2000 WL 1376251, at *5 (S.D.N.Y. Sept. 25, 2000)).

Upon review, plaintiff's assertion that defendant's responses were unverified is accurate. However, defendant agreed to provide verification to interrogatories 3, 6, 8, 9, 10, and 11. R. Doc. 64-2, p. 4. Therefore, plaintiff's motion to compel with respect to interrogatories 1 - 11 and 13 is **DENIED** as **MOOT**. The defendant must provide verification for all of his responses, not just the ones previously stated, by **Friday, February 8, 2019**.

Regarding the remaining interrogatories, discovery rules are accorded broad and liberal treatment. *Herbert v. Lando*, 441 U.S. 153, 176 (1979); *See also Mountain States Pipe & Supply Company v. Triton Water Techs.*, Inc., No. CV 12-2146, 2014 WL 12730976, at *2 (E.D. La. Mar. 26, 2014). However, the Court must limit the frequency or extent of discovery otherwise allowed, if it determines: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

Federal Rule of Civil Procedure 26(b)(1) provides that discoverable matters must be both "relevant" and "proportional" to the needs of the case. *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017). Relevance focuses on the claims and defenses in

the case, not its general subject matter. *Wittmann v. Unum Life Ins. Co. of Am.*, No. CV 17-90501, 2018 WL 3374164, at *2 (E.D. La. July 11, 2018). Proportionality includes analyzing the following six factors: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1); *Wittmann*, 2018 WL 3374164 at*2.

### 1. *Interrogatory 14.*

Interrogatory 14 states: "Please provide a list of all employers, names, addresses, phone numbers, and emails from the past fifteen years." R. Doc. 59-6, p. 8-9. During oral arguments, plaintiff argued that this interrogatory was not burdensome or duplicative, and that it was a standard request. Plaintiff also contended that obtaining this information would allow plaintiff to show defendant's dishonesty in the past, in terms of similar previous occurrences with employers that may have resulted in defendant's termination. Defendant responded, stating that this request was irrelevant and overly broad. Specifically, defendant's counsel stated that defendant had no prior employment in a correctional facility, and this request is outside the scope of this excessive force case.

The Court agrees with defendant. Given that defendant has not previously been employed as a prison officer in a correctional facility, the Court finds that plaintiff's Interrogatory 14 is irrelevant and outside the scope of Rule 26.

### 2. *Interrogatory 15.*

Interrogatory 15 provides: "Please identify and describe any and all substance abuse and/or alcohol treatment that you have received in the last fifteen years." R. Doc. 59-6, p. 9. Plaintiff

stated in oral arguments that this request was relevant because it goes towards Defendant's mental state and vulnerabilities, which is relevant in an excessive use of force case. However, the Court disagrees.

Plaintiff has not made any assertions in his pleadings or oral arguments that defendant was under the influence of any particular drug or alcohol. Therefore, the Court finds that Interrogatory 15 is irrelevant and outside the scope of Rule 26.

### D. Attorney's Fees

Plaintiff made an oral request for attorney's fees associated with the filing of their motion. Rule 37 provides that, if a motion to compel discovery is granted, or if the requested discovery is provided after the motion was filed, the court must, after giving an opportunity to be heard, require the opposing party, advising attorney, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(5)(A). If a motion is granted in part and denied in part, the court may issue a protective order under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion. *Id*. at 37(5)(C).

Rule 37 provides that the Court must not order payment of attorney's fees if: (1) the movant filed the motion before attempting in good faith to obtain the discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(5)(A). The Court has already determined that plaintiff made a good faith attempt to obtain the discovery, prior to filing the motion. Therefore, the Court will assess whether the last two factors apply.

In determining substantial justification, the Supreme Court has clarified that "substantially justified does not mean 'justified to a high degree.' Rather, it means justified in substance, or that

there is a genuine dispute." *Covad Commc'ns Co. v. Revonet, Inc.*, 262 F.R.D. 1, 4 (D.D.C. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see Mr. Mudbug, Inc. v. Bloomin' Brands, Inc.*, No. CV 15-5265, 2017 WL 448575, at *4 (E.D. La. Feb. 1, 2017). As an initial matter, the Court notes that defendant waived his objections. Moreover, since good cause did not exist for defendant's untimely responses, and the parties were willing to concede on most of the interrogatories and provide the necessary verifications, the Court doubts the genuineness of the dispute and finds that defendant did not have any substantial justification for his nondisclosures or objections.

Finally, the Court does not find that any additional factors or considerations exist that make an award of expenses unjust in this case. In fact, the Court notes that these issues could have been solved without Court intervention, and that plaintiff gave defendant many opportunities to comply. Therefore, the Court finds it is appropriate to award plaintiff attorney's fees.

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Compel Discovery Responses (R. Doc. #59)** is **GRANTED IN PART** and **DENIED IN PART:**

- Plaintiff's Motion to Compel with respect to interrogatories 1 – 11 and 13 is **DENIED** as **MOOT**. However, Defendant must provide verification for all of his responses by **Friday, February 8, 2019**;

- Plaintiff's Motion to Compel with respect to interrogatories 14, and 15 is **DENIED** based on relevance;

**IT IS FURTHER ORDERED** that Plaintiff is awarded attorney's fees for Plaintiffs cost incurred in bringing the Motion to Compel.

**IT IS FURTHER ORDERED** that Plaintiff shall file a motion to fix attorney fees into the record by **February 13, 2019**, along with: (1) an affidavit attesting to its attorney's education, background, skills and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation; and (3) the documentation required by Local Rule 54.2. Any opposition shall be filed no later than **February 19, 2019**. The motion shall be set for hearing on **February 20, 2019**, to be heard without oral argument.


New Orleans, Louisiana, this <u>11th</u> day of February 2019.


**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**