UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH IDEL** | **CIVIL ACTION** |
| **VERSUS** | **NO:   17-1553** |
| **SECRETARY JAMES M. LEBLANC, ET AL** | **SECTION: "G" (4)** |

**ORDER & REASONS**

Before the Court is a **Motion to Compel Enforcement of Subpoena on a Non-party (R. Doc. 57)** filed by Plaintiff Kenneth Idel, seeking enforcement of a December 4, 2018 subpoena served on the Louisiana Department of Corrections. The motion is opposed (R. Doc. 77). The motion was filed on January 8, 2019 and was heard on the briefs.

## I.   Background

This action arose from events on November 10, 2015, whereby Plaintiff Kenneth Idel, a former inmate of the Rayburn Correctional Center in the Louisiana Department of Corrections ("DOC"), alleges that Defendant Richard Pope, a former employee of the DOC, broke the Plaintiff's jaw when he intentionally and unnecessarily kneed the back of the Plaintiff's head into a concrete walkway. R. Doc. 57-1. The Plaintiff filed suit against the Defendants and several other DOC employees. R. Doc. 1. On October 31, 2017, each Defendant filed Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). R. Doc. 33. On August 16, 2018, the Court dismissed all of the Plaintiff's claims, except for the Plaintiff's 42 U.S.C. §1983 claim against Defendant Pope in his individual capacity. R. Doc. 43.

Plaintiff later served two subpoenas duces tecum on the DOC, a non-party. R. Doc. 57-1. The first subpoena was served on September 27, 2018, requesting: (1) the Defendant's entire personnel file; (2) all documents related to the November 10, 2015 incident involving the Plaintiff and the Defendant; and (3) the DOC's training manual. *Id*. at p. 2. On October 31, 2018, after the

1

deadline, the Plaintiff's counsel emailed the DOC and the Defendant's counsel (who is also counsel for the DOC), and did not receive a response or the requested documents. *Id*. On December 3, 2018, the Plaintiff's counsel informed the Defendant's counsel that she would be re-issuing the subpoena for the same documents. *Id*.

On December 4, 2018, the DOC was served with the second subpoena. *Id*. The Plaintiff states that the Defendant's counsel did not respond again, and on December 17, 2018, plaintiff's counsel emailed the Defendant's counsel to have the DOC comply with the subpoena. *Id*. The Plaintiff's counsel was told that the requested documents would be scanned and sent the following day, but it never occurred. *Id*. On December 18, 2018, plaintiff's counsel again requested that the DOC comply with the December 4, 2018 subpoena. *Id*. Defendant's counsel objected, claiming that the documents should have been requested pursuant to Fed. R. Civ. P. 34, rather than a non-party subpoena. *Id*. at p. 3. Plaintiff's counsel responded, seeking compliance with the subpoena. *Id*.

On January 4, 2019, the Plaintiff's counsel again requested the DOC to comply with the subpoena. *Id*. The Defendant's counsel objected again, claiming that a Rule 34 request was appropriate and stating that the subpoena's requests were vague and overly broad. *Id*. The Plaintiff's counsel responded citing case law, requesting compliance with the subpoena, and for the Defendant's personnel file to be submitted to the Magistrate Judge for an *in camera* review. *Id*. The Plaintiff states that, as of the filing of the instant motion, the DOC has not complied with either subpoena or submitted defendant's personnel file to the Magistrate Judge for *in camera* review. *Id*. The Plaintiff has now filed a motion to compel seeking an order compelling the DOC to comply with the December 4, 2018 subpoena. *Id*. at p. 6.

## II. Standard of Review

### A. Rule 37 Motions to Compel

Federal Rule of Civil Procedure 37(a)(3)(B) permits parties to move for an order compelling discovery responses when the responding party fails to answer an interrogatory submitted under Rule 33. The moving party "must include a certification that the movant has, in good faith, conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id*. at 37(a)(1).

### B. Rule 34 Party Requests for Production vs. Rules 45 and 26 Non-Party Subpoenas

Rule 34 allows parties to serve on other parties a request for "documents or electronically stored information . . . stored in any medium from which information can be obtained." Fed. R. Civ. P. 34(a)(1)(A). However, subpoenas duces tecum, governed by Rules 45 and 26, can be issued to non-parties, compelling them to produce documents and/or electronically stored information in their "care custody, or control." Fed. R. Civ. P. 45(a)(1); *see Sines v. Kessler*, 325 F.R.D. 563, 565 (E.D. La. 2018) (quoting *Garvin v. S. States Ins. Exchg. Co.*, No. 1:04cv73, 2007 WL 2463282, *5 n.3 (N.D. W. Va. Aug. 28, 2007) ("Subpoenas duces tecum 'are discovery devices which, although governed in the first instance by Rule 45, are also subject to the parameters established by Rule 26.'"), *Wittmann v. Unum Life Ins. Co. of Am.*, No. CV 17-90501, 2018 WL 3374164, at *2 (E.D. La. July 11, 2018), and *Hume v. Consol. Grain & Barge, Inc.*, No. CV 15-935, 2016 WL 7385699, at *2 (E.D. La. Dec. 21, 2016); *see also Rosciszewski v. Marquette Transportation Co., LLC*, No. CV 17-06592, 2018 WL 3475368, at *1 (E.D. La. July 19, 2018) (quoting *Alper v. U.S.*, 190 F.R.D. 281 (D.C. Mass. 2000) ("Rule 45 subpoenas are subject to parameters established by Rule 26").

Under Rule 45, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1); *Davis v. Fourth Circuit Court of Appeal*, No. CV 15-4169, 2016 WL 3970995, at *1 (E.D. La. July 25, 2016). A motion for a subpoena must be quashed or modified where, *inter alia*, the subpoena "(i) fails to allow a reasonable time to comply . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." *Id*. at 45(d)(3)(i)-(iv); *Davis*, 2016 WL 3970995, at *1.

To determine whether the subpoena presents an undue burden, court within the Fifth Circuit consider the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa v. Royal Dutch Petroleum Co.,* 392 F. 3d 812, 818 (5th Cir. 2004); Fed. R. Civ. P. 45(c)(3)(A); *Davis*, 2016 WL 3970995, at *2. Moreover, if the person to whom the request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. *Wiwa*, 392 F.3d at 818.

**III. Analysis**

    **A. Compliance with Rule 37**

Plaintiff has attached a Rule 37 Certificate stating that he conferred and attempted to confer with the DOC to obtain compliance with the subpoena without court intervention. R. Doc. 57, p. 1. Plaintiff also attached several emails spanning from October 31, 2018 to January 4, 2019 that show Plaintiff inquired into the status of the requests as well as the parties' conferral about the appropriateness of a subpoena duces tecum, the scope of the requests, and the submission of Defendant Pope's personnel file to the undersigned Magistrate Judge for *in camera* review.

However, Defendant contends that Plaintiff failed to engage in a good faith effort to resolve these discovery disputes because he did not request a telephone conference or even attempt to setup a telephone conference to discuss the requests prior to filing the instant motion. R. Doc. 77, p. 2-3.

Rule 37's duty to confer is analyzed on a case by case basis. *Greater New Orleans Fair Hous. Action Ctr., Inc. v. Dorian Apartments, LLC*, No. CV 15-6406, 2016 WL 6157534, at *2 (E.D. La. Oct. 24, 2016). Courts usually require some attempt at a live conference between the parties. *Herrera v. State Farm Lloyds*, No. 5:15-CV-151, 2015 WL 13678720, at *2 (S.D. Tex. Dec. 3, 2015). However, the plain language of Rule 37 does not mandate that the discovery conference take a particular form or that the certification be presented in a particular manner. *J.M. Smith Corp. v. Ciolino Pharmacy Wholesale Distributors, LLC*, No. CIV.A. 10-1483, 2012 WL 5289370, at *2 (E.D. La. Oct. 24, 2012); *S. Louisiana Ethanol, L.L.C. v. Fireman's Fund Ins. Co.*, No. CIV.A. 11-2715, 2013 WL 1196604, at *3 (E.D. La. Mar. 22, 2013); *Gautier v. Plains Bros. Pipeline, LP*, No. CIV.A. 12-1064, 2013 WL 1787559, at *3 (E.D. La. Apr. 25, 2013). Moreover, Rule 37 does not specify that the movant must be the party that institutes the conference. *J.M. Smith Corp.*, 2012 WL 5289370, at *2.

Here, the parties corresponded via email and discussed the appropriateness of the subpoena duces tecum, the scope of its requests, and the submission of Defendant Pope's personnel file to the undersigned Magistrate Judge for *in camera* review. Therefore, the Court finds that Plaintiff has satisfied Rule 37's requirements and has properly brought his Motion to Compel.

### B. Plaintiff's *Subpoena duces tecum* Request

#### *1. The Subpoena Duces Tecum Was the Appropriate Mechanism*

Plaintiff has filed a motion seeking to compel the compliance of non-party DOC with the subpoena issued on December 4, 2018. R. Doc. 57. Defendant replied that a proper discovery request through Rule 34 was appropriate, rather than a non-party subpoena. *Id*. at 57-6. Plaintiff explained that the DOC is not a party in the litigation and that a non-party subpoena was appropriate, rather than a Rule 34 request. *Id*. at 57-7. However, Defendant insisted that a Rule 34 request was appropriate, and further, that the requested documents were "entirely vague, overly broad, and not narrowly tailored as to both the subject matter and temporal scope." *Id*. at 57-8.

Plaintiff's counsel again responded, stating that a non-party subpoena was appropriate, and further stating: (1) defendant's personnel file should be sent to the Magistrate Judge for an *in camera* review; (2) her second request for the DOC's files related to the November 10, 2015 incident between plaintiff and defendant was both temporal and specific; and (3) that the training manual request is tailored to every training manual that the DOC provided defendant during his employment. *Id*. at 57-8.

Rule 34 allows parties to serve on other parties a request for "documents or electronically stored information . . . stored in any medium from which information can be obtained." Fed. R. Civ. P. 34(a)(1)(A). However, subpoenas duces tecum, governed by Rules 45 and 26, can be issued to non-parties, compelling them to produce documents and/or electronically store information in their "care custody, or control." Fed. R. Civ. P. 45(a)(1).

Here, Plaintiff has established that the subpoena was not served on Defendant. Instead, Plaintiff's subpoena was served on the DOC, a non-party. Given that Rule 34 requests for

6

production only applies to parties, it was appropriate for plaintiff to issue a non-party subpoena under Rule 45 and 26 to the DOC.

### 2. *Rule 45 Notice Requirement*

Defendant asserts in his Memorandum in Opposition that Plaintiff failed to comply with Rule 45(a)(4) in that "Plaintiff did not serve a copy of the subpoena upon the Defendant in this matter before it was served upon the [DOC] or at any other time thereafter." R. Doc. 77, p. 2.

Rule 45(a)(4) provides: "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).

The Court notes that Plaintiff has not filed for leave to submit a Reply to this Memorandum or presented any documents that show he has complied with Rule 45(a)(4). The Plaintiff provides that the September 27, 2018 subpoena was issued on the DOC. However, although the Defendants' counsel is also counsel for the DOC, Plaintiff makes no mention of whether he served notice and a copy to Defendant prior to issuing the subpoena.

Regarding the December 4, 2018 subpoena at issue (which is a reissuance of the September 2018 subpoena), Plaintiff attached a copy of the email sent on December 3, 2018 providing that he was reissuing the subpoena and including an attachment. R. Doc. 57-4, p. 2. Plaintiff also asserts in an email dated December 18, 2018 that he sent Defendants' counsel a copy of the subpoena the day before it was served. R. Doc. 57-7, p. 2. Although the December 3, 2018 email makes no mention of an attached copy of the subpoena, the Court notes that Plaintiff in fact included an attachment at the bottom of the email, which is presumably the copy of the subpoena that Plaintiff

7

referenced in the December 18, 2019 email. Therefore, the Court finds that regarding the December 4, 2018 subpoena, Plaintiff has satisfied Rule 45(a)(4)'s notice and copy requirements.

*3. The Defendants' Personnel File and Supplemental Production of Documents*

Plaintiff's December 4, 2018 subpoena requested the following documents: (1) the entire personnel file of Defendant Pope; (2) all documents related to the incident on or about November 10, 2015 involving Plaintiff at the RCC (including any/all statements, investigations, photographs, etc. related to the incident); and (3) training manual for DOC personnel. R. Doc. 57-5, p. 2. The Plaintiff further states that, via Defendants' personnel file, Plaintiff seeks information about (1) any trainings in "use of force," "de-escalation," and "inmate safety"; and (2) any disciplinary or internal DOC investigations of which Defendant has been the subject. R. Doc. 57-1, p. 6.

Defendant initially objected, noting that the subpoena should not have been issued and that the requests were "entirely vague, overly broad, and not narrowly tailored as to both the subject matter and temporal scope." *Id*. at 57-8, p. 3. However, Defendant made the following production of documents on December 20, 2018, prior to the filing of the motion: (1) the entire ARP file (which includes officer statements and reports, medical reports, and disciplinary reports from the incident); and (2) Plaintiff's medical records (including those possibly related to the incident).

Moreover, on January 28, 2019, the Defendants made the following supplemental production of documents: (1) Plaintiff's entire prison file; (2) DOC and Rayburn Correctional Center ("RCC") Regulations and Policies on Use of Force by Corrections Officers; (3) Defendant Pope's training records from his employment with the DOC; and (4) the RCC incident file (containing officer statements, reports, disciplinary reports, medical records related to the incident, and the RCC investigative officer's memoranda detailing the internal investigation into Plaintiff's allegations of excessive use of force). R. Doc. 77, p. 5.

The Defendant also contends that he requested from RCC any inmate grievances or complaints against Defendant Pope regarding any uses of force (other than Plaintiffs' instant grievance), and RCC officials replied that, after searching their records, they did not find any records.[1] *Id*. at p. 6. Defendants further contend that in light of the document production set forth, the Court should deny Plaintiff's Motion as moot with respect to the second and third request of the subpoena. Additionally, both parties contend that the personnel file (if submitted) should be provided to the Magistrate Judge for *in camera* review. R. Doc. 57-8, p. 5.; R. Doc. 77, p. 6.

Personnel files have "distinct privacy concerns" because "they are far more likely to contain personal, embarrassing material." *In re: Xarelto (Rivaroxaban) Prod. Liab. Litig.*, 313 F.R.D. at 37. The Fifth Circuit allows the production of personnel files, only when the personnel files contain "highly relevant" material to the case at hand and are requested with "particularity." *Coughlin v. Lee*, 946 F.2d 1152, 1159-60 (5th Cir. 1991). Moreover, in weighing the employee's privacy interests against discovery, the *Coughlin* Court considered the following six factors for civil cases from *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D. Pa. 1973): (1) the impact upon persons who have given information of having their identities disclosed; (2) whether the information sought is factual data or evaluative summary; (3) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (4) whether the plaintiff's suit is non-frivolous and brought in good faith; (5) whether the information sought is available through other discovery or from other sources; and (6) the importance of the information sought to the plaintiff's case. *Coughlin*, 946 F.2d at 1155-57.

---

[1] Defendant also stated in an email dated January 28, 2019 that they are awaiting a certification from RCC confirming that information and will provide it once it is received. R. Doc. 77-4, p. 2.

Additionally, regarding excessive use of force cases and law enforcement, courts in this district have allowed the discovery of the contents of an officer's personnel file to the extent it contains relevant evidence (e.g. disciplinary action, training records, commendations, pre-employment references, pre-employment psychological testing records, complaints by members of the public, and IAD investigatory files). *See Serigne v. Preveau*, No. CIV.A. 11-3160, 2013 WL 1789520, at *7 (E.D. La. Apr. 26, 2013) (permitting the discovery of an officer's personnel file for disciplinary action without limiting the relevant time period of the production); *see also Chauvin v. Lee*, No. CIV.A. 99-2200, 2000 WL 567006, at *3 (E.D. La. May 8, 2000) (permitting the discovery of a deputy's personnel files subject to a protective order and ordering that social security numbers, home addresses, home telephone numbers must be redacted before being produced).

Here, given the nature of the suit, and given that the Defendants made a substantial production of documents after the motion was filed, the personnel file is the only remaining issue. Additionally, the Court finds that Plaintiff's request for Defendant's personnel file is proper given that disciplinary action, training records, complaints by the public and other inmates, as well as additional investigations of excessive use of force are relevant. However, given Defendants' substantial production of documents, the Court finds that the DOC must produce the following contents from Defendants' personnel file: information of disciplinary action, complaints by the public, and information regarding additional investigations of excessive use of force.

4. **Conclusion**

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion to Compel Enforcement of Subpoena on a Non-party (R. Doc. 57)** is **GRANTED IN PART**, and the DOC is required to produce the

following contents of the Defendant's personnel file by Friday, April 12, 2019: information of disciplinary action, complaints by the public, and information regarding additional investigations of excessive use of force.

**IT IS DENIED IN PART** as **MOOT** with respect to the second and third requests of the subpoena.

New Orleans, Louisiana, this 7th day of April 2019.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**