# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KENNETH IDEL | CIVIL ACTION |
| VERSUS | NO: 17-1553 |
| JAMES LEBLANC, ET AL | SECTION: "G" (4) |

## ORDER

Before the Court is **Plaintiff's Motion to Fix Attorney's Fees (R. Doc. 75).** The motion is opposed. R. Doc. 80. The motion was heard on the briefs.

## I. Factual Summary

Kenneth Idel ("Idel") alleges that on November 10, 2015 Richard Pope ("Pope") broke Idel's jaw when he intentionally kneed the back of his head into a concrete walkway. Idel was an inmate in Rayburn Correctional Center at the Louisiana Department of Corrections, where he allegedly sustained a broken jaw even though he posed no threat to other inmates or officers because he was fully restrained in handcuffs and face down on the ground. Idel alleges that Pope's use of force was excessive and resulted in significant pain and permanent damage to Idel's jaw.

Now Idel's counsel, Emily Posner ("Posner") has submitted an application for the award of attorney fees totaling $2,392.00 for the fees incurred in trying to secure a complete response to discovery requests and interrogatories. The Defendant opposes the motion noting that the Court issued a revised order that gave the defendant through February 8, 2019 to provide verified responses and found that the only remaining interrogatories which were disputed were "irrelevant and outside the scope of Rule 26". Pope opposes Idel counsel's rate of $175.00 as not reasonable and contends that a rate of $150.00 is actually reasonable, given counsel's background and experience. Pope also challenges the reasonableness of the hours billed. Having set forth the position of the parties, the Court will proceed with analyzing the application.

## II. Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the Court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] The Court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

**III.   Analysis**

   **A.  Reasonableness of the Hourly Rates**

Plaintiff seeks to recover the attorney's fees for Emily Posner and the work of a law clerk as a result of work performed on one Motion to Compel. The rate billed to the client is $175 per hour for Posner and $15.00 per hour for the Law Clerk. R. Doc. 575-2. Posner contends that she has been

---

[1] The twelve *Johnson* factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

licensed to practice law since 2013. She is a graduate of Loyola University and graduated in the top 15% of her class. She also graduated Magna Cum Laude from Colby College in 2004.

Posner also hired a law student to assist with research who billed at a rate of $15.00 per hour on one occasion. No other information has been provided regarding the law student's billing.

The defendant contends that the rates charged by Posner exceed the rates available in the New Orleans Market. The defendant further contends that rates for the New Orleans Market would have generally been less than $175.00 per hour. Therefore, Pope contends a rate of $150.00 per hour is reasonable.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community" for similar services by attorneys of reasonably comparable skills, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged

for routine work requiring less extraordinary skill and experience).

Where an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328.

Regarding the rate charged by Posner given her five years of experience the Court finds that her rate of $175 is reasonable. *See Drs. Le and Mui, Family Med. v. St. Paul Travelers*, No. 06-10015, 2007 WL 4547491, at *2-3 (E.D. La. Dec. 19, 2007) (Roby, J.) (awarding hourly rates of $175.00 to an attorney with seven (7) years of legal experience and $200.00 for an attorney with eleven (11) years of experience); *See also Creecy v. Metro. Prop. & Cas. Ins. Co.*, No. 06-9307, 2008 WL 553178, at *3 (E.D. La. Feb. 28, 2008) (Roby, J.) (Awarding $175.00 an hour to a lawyer who had practiced law for five (5) years and $200.00 an hour to an attorney with eleven (11) years of experience).

### B. <u>Determining the Reasonable Hours Expended</u>

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of billing judgment. *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997). Attorneys must exercise billing judgment by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996). Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not billed properly to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were

not reasonably expended. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

The Court has reviewed the contemporaneous billing sheets and finds that the following entries are unreasonable as they are duplicative, block billed, vague, or unnecessary. According to the billing statement, Posner billed 13.54 hours at an hourly rate of $175 for a total amount of $2,369.50. The billing records also show that the law student billed 1.5 hours at a rate of $15.00 for a total of $22.50.

Pope contends that several entries are excessive, redundant or otherwise unnecessary. Pope contends that the pre-motion filing work of conferring with his counsel to cure deficiencies are not recoverable in the fee application and that instead is a part of the normal course of litigation which are not recoverable. *Hobson v. ABE Dev. LLC,* 2016 U.S. Dist. LEXIS 118886 at *6-7 ( E.D. La. Sep. 2, 2016) As to the hours billed addressing the underlying discovery and drafting the instant Motion to Fix Attorneys' Fees, the Court finds that these are hours not properly expended for a Motion to Compel. See *Rock the Ocean Productions, LLC v. H1 Events LLC*, No. 15-5189, 2016 U.S. Dist. LEXIS 107543, 2016 WL 4272931, at *3 (E.D. La. Aug. 15, 2016) [*7] (quoting *Stagner*, 2004 U.S. Dist. LEXIS 1936) ("'Rule 37(a) only provides for the expenses in bringing the motion, not for expenses relating to the underlying discovery dispute.'").

Posner contends that the 2.78 hours should not be excluded because the time incurred was in an effort to avoid having to file a Motion to Compel in response to Pope's complete failure to adequately response, which does not constitute normal course of business. However, the Court is constrained to awarding fees for the bringing of the motion and not expenses relating to the underlying dispute. Therefore the 2.78 hours (entries dated 12/20/2018,1/3/2018) are disallowed.

Next, Pope complains that Posner seeks 2.67 hours for drafting and filing the Motion to Fix

Attorney Fees. Because this fee award is pursuant to Rule 37, again the Court is constrained to award only the costs with the original Motion to Compel and not the Motion for Attorney Fees. Therefore the 2.67 hours are disallowed.

Additionally, Pope contends that some of the hours billed are excessive, redundant or otherwise unnecessary and contain inadequate description of the work performed. Pope complains about Posner's entries of: 2.15 hours for "drafting the motion to compel interrogatories"; .75 hours for "editing and filing motion to compel interrogatories"; and 1.5 for law student "editing motion compel". The total hours Pope seeks to have disallowed are 4.4, which includes the law student billing. Pope points out that the law student's 1.5 hours and Posner's billing for editing the motion are duplicative. The Court in reviewing the matter, has disallowed the law student's 1.5 hours but find that Posner's hours totaling 2.9 are reasonable and allowed.

Next, Pope complains that Posner in submitting a reply memorandum billed .79 hours for "drafting reply motion concerning Motion to Compel" which contained argument directed to two interrogatories which were rejected as irrelevant. Additionally, Posner seeks without explanation 1.4 hours for "drafting and filing reply to Motion to Compel". New substantive information was included but according to Pope it was "a single case on the good faith requirement of FRCP Rule 37".

Posner contends that it is reasonable for her to bill 2.19 hours for the drafting and editing of the reply memorandum. Posner contends that it was Pope's counsel who raised legal arguments concerning whether she attempted to confer in good faith and the time it took to fashion a response. The Court having considered the issue, finds that the 2.19 hours are reasonable and therefore allowed.

Pope also complains that Posner billed 3 hours for "preparing for and arguing the Motion to Compel". The contested issue involved two interrogatories, the actual hearing lasted ten minutes but counsel waited an hour before presenting argument on the subject. The rate also included the time

6

traveling to the courthouse, but the Court has no indication of the miles travelled. The Court, therefore, finds that 2 hours are reasonable and allowable.

The total number of hours sought equal 15.04 hours. The reasonable hours equal 7.09 at a rate of 175.00 an hour for a total award of $1,240.75.

### C. Adjusting the Lodestar

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The considering the *Johnson* factors finds that no adjustment is warranted

### D. Conclusion

Accordingly,

**IT IS ORDERED** that **Plaintiff's Motion to Fix Attorney's Fees (R.Doc. 75)** is **GRANTED** and that the plaintiff's counsel is awarded reasonable attorney's fees in the amount of **$1,240.75.**

**IT IS FURTHER ORDERED** that defendant's counsel shall satisfy the obligation to plaintiff's counsel **no later than fourteen (14) days** from the signing of this Order.

New Orleans, Louisiana, this 13th day of May 2019.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**